UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CASE NO. 1:21-CF-00050 (CRC) |
| JENNIFER LEIGH RYAN | § § | |

**DEFENDANT'S SENTENCE MEMORANDUM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through Defendant's Counsel, and files this sentencing memorandum.

I.

**Ms. Ryan's Position Regarding Government Comments**

Ms. Ryan objects to the position taken by the United States Attorney in this case and will address these objections and respond with her position on sentencing in this case.

As correctly cited in the Government's sentencing memorandum, Ms. Ryan entered a plea to Count 4 of the Second Superseding Information, which alleged a violation of Title 40, U.S. Code, Section 5104(e)(2)(G). This alleged that she wrongfully paraded, demonstrated and/or picketed in the Capitol, and nothing more.

Ms. Ryan was the first of the defendants named in the Complaint to come forward and enter a guilty plea. Further, when she first encountered law enforcement officers, on or before January 15, 2021, Ms. Ryan relinquished to the FBI her cellular telephone and various computers, laptops and other pieces of electronic equipment via which she operated in social media. She provided the agents with the passwords necessary for them review the information contained in the devices. Although the Government promised to return the equipment promptly, her property

was not returned until late-October, more than ten months after they were seized and examined.

Ms. Ryan retained this Defense Counsel on February 3, 2021, after many of the social media comments and television interviews that so offended the Government prosecutor.

Immediately after being retained, and while awaiting admission to the Bar of the District of Columbia, this Defense Counsel contacted Assistant U.S. Attorney Frances Blake, who originally had this case. We discussed the evidence and This Counsel offered to have Ms. Ryan meet with the AUSA and her agents in order to proffer what she knew about the case. We were actively offering to enter into a plea agreement with the Government, but the AUSA said she was having problems getting a response from her superiors in the Washington, DC, office. It was not until late-July that a plea agreement was finally drafted and relayed to the Defense. The case was then set for re-arraignment on the earliest available date.

As Ms. Ryan mentions in her attached written statement to This Honorable Court, she cooperated or attempted to cooperate with the Government in every conceivable way since being charged in this case.

The Defense very respectfully suggests this is important information for Your Honor to consider.

With regards to Ms. Ryan's actions on January 6, 2021, there is no evidence of Ms. Ryan proceeding more than about 10 feet beyond the doorway at which she entered the Capitol. In the still photograph included in the Government's sentencing memorandum, it shows Ms. Ryan inside the entrance to the Capitol, and one can count the number of persons standing behind her and inside the Capitol. Ms. Ryan is approximately the fourth person in line from the threshold of the entrance, and all persons behind her are standing within only a few inches of the person in front and behind each other. It would appear Ms. Ryan is approximately 6 feet from the door. And in

the video from which the still photograph was taken, one would see Ms. Ryan and a Capitol Police Officer greet each other amicably.  There is no evidence of any Officer telling Ms. Ryan not to enter the Capitol or directing her to leave.  And, as the Government concedes, she remained inside the Capitol only about two minutes.  Ms. Ryan's trespass into this public building was for only a very short time and she was never more than 10 feet from the door.  Ms. Ryan did not approach the House or Senate chambers, or even get far enough inside to view the magnificent statues and other artwork in the various wings and halls of the building.  She merely walked inside the door, stood peacefully, chanted unoffensively along with the crowd, then exited as she had entered.  Her actions were part of the protest of the day, and she has admitted that she knew it was wrong to parade or demonstrate inside the Capitol that day.  It is this act, alone, that she has been convicted of and for which she should be sentenced.

However, from reading the Government's twenty-seven page memorandum to This Honorable Court, it is worth noting that the great bulk of their focus is on comments Ms. Ryan made before and after the trespass inside the Capitol.  And every comment made by Ms. Ryan is the sort that is protected by the First Amendment.  Ms. Ryan did not damage any property and did not incite violence. Her comments on social media reflected her belief that a wrong had been committed in the way the Presidential election had been conducted, that there were significant acts of election fraud, and that the Presidency had, in effect, been stolen.  As one may assume, there are many – perhaps millions – American voters who feel as Ms. Ryan felt that day.  Her comments aren't illegal, and she was not charged with anything regarding her speech surrounding this protest. She did not witness violence before going to the Capitol that afternoon, was not a witness to violence, and did not take part in any violence at any time.

II.

**The U.S. Probation Officer's Recommended Sentence**

Ms. Ryan very respectfully requests that This Honorable Court sustain our objections and sentence Defendant to probation, as recommended by the U. S. Probation Officer in this case.

Ms. Ryan's former offenses occurred more than a decade ago, and she never repeated those offenses. As noted in the Probation Officer's Sentencing Recommendation, rehabilitation of Ms. Ryan does not appear to be a particular concern, she does not pose a danger to the community, and is in full compliance with the terms of her release since this case began.

And, as noted in the second paragraph of the Probation Officer's recommendations, Ms. Ryan's culpability is minimal in contrast with the true rioters.

As stated in Title 18, U.S. C., Section 3553(a), the sentence to be imposed should be no greater than required to satisfy the sentencing factors. We believe a sentence to probation, along with the agreed upon amount of restitution, satisfies the lawful and proper sentencing objectives within our system of justice.

III.

Conclusion

WHEREFORE, premises considered, Defendant very respectfully requests that This Honorable Court sentence her to probation and restitution in the amount of $500.00.

Very respectfully,

*/S/ Guy L. Womack*
Guy L. Womack
Counsel for Defendant
Texas Bar No. 00788928
609 Heights Blvd.
Houston, Texas   77007
Tel: (713) 224-8815
Fax: (713) 224-8812

CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing was served upon the Probation Officer and Government Counsel by email on this 1st day of November, 2021.

                                            */S/ Guy L. Womack*
                                            Guy L. Womack