UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:21-cr-00050-CRC-1 |
| **v.** : | |
| : | Judge Christopher R. Cooper |
| **JENNIFER LEIGH RYAN,** : | |
| Defendant. : | |

**UNITED STATES' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S PRO SE PETITION FOR A WRIT OF ERROR CORAM NOBIS AND MOTION FOR JUDICIAL RECUSAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests an extension of time from October 31, 2025, until December 1, 2025, to file its response to defendant Ryan's *pro se* Petition for a Writ of Error Coram Nobis and Motion for Judicial Recusal.

Ryan does not oppose this motion, and in support of this request, the government states as follows:

1. Ryan filed her error coram nobis petition and motion for judicial recusal on September 19, 2025. ECF No. 102-03. The Court ordered the government to respond to these filings on or before October 31, 2025. Sept. 30, 2025 min. order. Undersigned counsel entered his appearance on October 6, 2025. ECF No. 104.

2. The undersigned needs additional time to familiarize himself with the instant case. Thus, the government seeks this extension of time to allow the undersigned sufficient time to review the case and Ryan's petition and recusal motion before drafting the government's responses to each pleading.

3. As the Court may know, the Assistant United States Attorneys ("AUSA") who prosecuted this matter are not the same AUSAs who will handle these responses. In accordance with the

regular practice of the United States Attorney's Office, these responses will be handled by a Special Proceedings AUSA.

4. The Special Proceedings Division continues to be tasked with responding to almost all post-conviction motions filed in District Court and D.C. Superior Court. The number of post-conviction motions has more than doubled over the past five years, in large part due to sentence reduction motions, including compassionate release motions and motions filed pursuant to the Incarceration Reduction Amendment Act ("IRAA"), while its staffing level has stayed largely the same. As a result, the AUSAs assigned to the Special Proceedings Division are handling very heavy caseloads and are responsible for handling all the hearings associated with their cases.

5. This is the government's first motion for an extension of time to respond to these pleadings.

6. The undersigned consulted with Ryan about this extension motion via email on October 22, 2025. Ryan voiced no objection to this motion.

7. Based on the foregoing, the United States respectfully requests until December 1, 2025, to file its responses to Ryan's error coram nobis petition and recusal motion. Recognizing that the Court wishes to address these matters as soon as possible, the United States will endeavor to file its responses sooner than that date if reasonably possible.

8. A proposed Order is attached.

                                Respectfully submitted,

                                JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Chief, Special Proceedings Division

THOMAS STUTSMAN
Deputy Chief, Special Proceedings Division

*/s/ Nicholas S. Bolduc*
NICHOLAS S. BOLDUC
Assistant United States Attorney
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7572
nicholas.bolduc@usdoj.gov
Tennessee Bar No. #035050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused service of the foregoing to be made through the Court's Electronic Case Filing system on October 24, 2025. I further certify that I caused a copy of the foregoing to be posted for delivery by first-class mail to Ms. Jennifer Leigh Ryan, 1990 Main Street Downtown, Suite 750, Sarasota, Florida 34236,[1] on October 24, 2025.

                                */s/ Nicholas S. Bolduc*
NICHOLAS S. BOLDUC
Assistant United States Attorney

---

[1] Because coram nobis proceedings are quasi-criminal and quasi-civil in nature, "the denomination of the nature of a given petition calls for a functional analysis rather than for doctrinal rigidity." *Trenkler v. U.S.*, 536 F.3d 85, 94 (1st Cir. 2008) (holding that coram nobis petitions are appealable "civil matters"). This distinction matters because Ryan is not listed on the docket as representing herself in this proceeding. Thus, the government has looked to the Federal Rules of Civil Procedure and served Ryan at the last known address that she used in this proceeding. *See* Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"). The government further notes that Ryan represented that she had a new mailing address, which is the address listed in the certificate of service. Finally, Ryan's trial attorneys that are listed on the docket but appear to have terminated representation will nonetheless be served through the Court's Electronic Case Filing System.