**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:21-cr-00050-CRC-1 |
| v. : | |
| : | Judge Christopher R. Cooper |
| **JENNIFER LEIGH RYAN,** : | |
| **Defendant.** : | |

**UNITED STATES' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S PRO SE PETITION FOR A WRIT OF ERROR CORAM NOBIS AND MOTION FOR JUDICIAL RECUSAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests a 30-day extension of time from December 1, 2025, until December 31, 2025, to file its response to defendant Ryan's *pro se* Petition for a Writ of Error Coram Nobis and Motion for Judicial Recusal.

Ryan does not oppose this motion, and, in support of this request, the government states as follows:

1. On September 19, 2025, Ryan filed her coram nobis petition, a supporting memorandum, numerous exhibits, and a motion for judicial recusal. ECF No. 102-03. The Court ordered the government to respond to the petition and recusal motion. Sept. 30, 2025 min. order. The Court subsequently granted the government's unopposed, first motion for extension of time to respond to these pleadings. ECF No. 106 (first extension motion); Oct. 27, 2025 min. order (granting first extension motion).

2. The undersigned now seeks a second extension of time to finalize the government's responses to Ryan's pleadings. While the undersigned has completed initial draft responses, they are currently undergoing multiple reviews.

1

3. Although the undersigned is now familiar with this case, reviewers are not, and this extension motion is being filed to ensure reviewers have sufficient time to adequately review this matter. This time is also being requested given these attorneys' cases as well as accounting for the upcoming holiday season, including this Thursday's Thanksgiving holiday.

4. This is the government's second motion for an extension of time to respond to Ryan's pleadings.

5. The undersigned consulted with Ryan about this extension motion via email on November 25, 2025. Ryan voiced no objection to this motion.

6. Based on the foregoing, the United States respectfully requests until December 31, 2025, to file its responses to Ryan's coram nobis petition and recusal motion. In the alternative, the government respectfully requests fifteen days from the current response deadline to file its responses.

7. Observing the Court wishes to address these matters soon, the United States will endeavor to file its responses sooner than that date if reasonably possible.

8. A proposed order is attached.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney

        KACIE M. WESTON
        Chief, Special Proceedings Division

        THOMAS STUTSMAN
        Deputy Chief, Special Proceedings Division

        */s/ Nicholas S. Bolduc*
        NICHOLAS S. BOLDUC
        Assistant United States Attorney
        Special Proceedings Division
        601 D Street NW
        Washington, D.C. 20530
        (202) 252-7572
        nicholas.bolduc@usdoj.gov
        Tennessee Bar No. 035050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused service of the foregoing to be made through the Court's Electronic Case Filing system on November 25, 2025. I further certify that I caused a copy of the foregoing to be posted for delivery by first-class mail to Ms. Jennifer Leigh Ryan, 1990 Main Street Downtown, Suite 750, Sarasota, Florida 34236,[1] on November 25, 2025.

        */s/ Nicholas S. Bolduc*
        NICHOLAS S. BOLDUC
        Assistant United States Attorney

---

[1] Because coram nobis proceedings are quasi-criminal and quasi-civil in nature, "the denomination of the nature of a given petition calls for a functional analysis rather than for doctrinal rigidity." *Trenkler v. U.S.*, 536 F.3d 85, 94 (1st Cir. 2008) (holding that coram nobis petitions are appealable "civil matters"). This distinction matters because Ryan is not listed on the docket as representing herself in this proceeding. Thus, the government has looked to the Federal Rules of Civil Procedure and served Ryan at the last known address that she used in this proceeding. *See* Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"). The government further notes that Ryan represented that she had a new mailing address, which is the address listed in the certificate of service. Finally, Ryan's trial attorneys that are listed on the docket but appear to have terminated representation will nonetheless be served through the Court's Electronic Case Filing System.

3