UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:21-cr-00050-CRC-1 |
| v. : | |
| : | Judge Christopher R. Cooper |
| **JENNIFER LEIGH RYAN,** : | |
| Defendant. : | |

**UNITED STATES' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S *PRO SE* PETITION FOR A WRIT OF ERROR CORAM NOBIS AND MOTION FOR JUDICIAL RECUSAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests a final, 30-day extension of time from December 31, 2025, until January 30, 2026, to file its response to defendant Jennifer Ryan's *pro se* Petition for a Writ of Error Coram Nobis and Motion for Judicial Recusal. In support of this motion, the government states as follows:

1. On September 19, 2025, Ryan filed her coram nobis petition, a supporting memorandum, numerous exhibits, and a motion for judicial recusal. ECF No. 102-03. The Court ordered the government to respond to the petition and recusal motion, *see* Sept. 30, 2025 min. order, and later granted the government's first and second motions for an extension of time to respond to these pleadings. ECF No. 106, 112 (government's first and second extension motions); Oct. 27, 2025 min. order (granting first extension motion); Nov. 26, 2025 min. order (granting second extension motion).

2. The government now seeks a third, final extension of time.

3. As the Court knows, the government moved for the second extension so that draft responses to Ryan's pleadings could undergo "multiple reviews." ECF No. 112, Page 1. These reviews,

1

which are necessary to appropriately address Ryan's numerous claims in both her coram nobis petition and her recusal motion, remain ongoing.

4. Moreover, the government's attorneys were out of the office to observe various federal holidays, including Thanksgiving and Christmas, during the second extension period.

5. Ryan is opposing this motion and has served a "Notice of Non-Consent to Further Extensions of Time" upon the undersigned in a December 29, 2025 email.[1]  However, the Court granting this motion for a final extension will not prejudice Ryan.  In 2021, Ryan pleaded guilty and was sentenced; she has since served her sixty-day sentence.  *See* Aug. 19, 2021 min. entry (noting Ryan's guilty plea); Nov. 4, 2021 min. entry (noting the Court sentencing Ryan).  She did not pursue any relief until multiple years later, when she filed her coram nobis petition in September 2025.  Put simply, the current collateral attack on her guilty plea and sentence through a petition for a writ of error coram nobis would not free her from incarceration like a successful direct appeal or habeas corpus petition would.  Instead, "it can only correct the record books." *United States v. Bush*, 888 F.2d 1145, 1149 (7th Cir. 1989).  Consequently, this final extension request will not prejudice Ryan in her collateral attack on her conviction that became final long ago.

6. Based on the foregoing, there is "good cause" to extend the time to respond to Ryan's coram nobis petition and recusal motion until January 30, 2025. Fed. R. Civ. P. 6(b)(1)(A).  The United States will, however, endeavor to file its responses sooner than that date if reasonably possible.

7. A proposed order is attached.

---

[1] The government presumes that the Court has received this notice and will file it on the public docket after granting Ryan leave to file the notice.  *See* ECF No. 113.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Chief, Special Proceedings Division

THOMAS STUTSMAN
Deputy Chief, Special Proceedings Division

/s/ Nicholas S. Bolduc
NICHOLAS S. BOLDUC
Assistant United States Attorney
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7572
nicholas.bolduc@usdoj.gov
Tennessee Bar No. 035050

3

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused service of the foregoing to be made through the Court's Electronic Case Filing system on December 30, 2025. I further certify that I caused a copy of the foregoing to be posted for delivery by first-class mail to Ms. Jennifer Leigh Ryan, 1990 Main Street Downtown, Suite 750, Sarasota, Florida 34236,[2] on December 30, 2025.

                                                                */s/ Nicholas S. Bolduc*
                                                                NICHOLAS S. BOLDUC
                                                                Assistant United States Attorney

---

[2] Because coram nobis proceedings are quasi-criminal and quasi-civil in nature, "the denomination of the nature of a given petition calls for a functional analysis rather than for doctrinal rigidity." *Trenkler v. U.S.*, 536 F.3d 85, 94 (1st Cir. 2008) (holding that coram nobis petitions are appealable "civil matters"). This distinction matters because Ryan is not listed on the docket as representing herself in this proceeding. Thus, the government has looked to the Federal Rules of Civil Procedure and served Ryan at the last known address that she used in this proceeding. *See* Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"). The government further notes that Ryan represented that she had a new mailing address, which is the address listed in the certificate of service. Finally, Ryan's trial attorneys that are listed on the docket but appear to have terminated representation will nonetheless be served through the Court's Electronic Case Filing System.